UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. SHUMATE, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-04-2602 |
| | : | |
| v. | : | (CHIEF JUDGE VANASKIE) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

M E M O R A N D U M

I.        INTRODUCTION

        David L. Shumate, a federal inmate currently confined at FCI-Ray Brook, Ray

Brook, New York, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 on December 3,

2004, while he was housed in this District at USP-Allenwood.  He has paid the required filing

fee.  Named as respondent is the United States of America.[1]

        Shumate, who is serving concurrent federal and state sentences, desires to serve

_____

        [1]  The proper respondent in a petition for writ of habeas corpus is the official having
custody of the applicant.  See Rule 2 of the Rules Governing Section 2254 Cases In The United
States District Courts, 28 U.S.C. foll. § 2254, made applicable to § 2241 petitions by Rule 1(b)
thereof.  In this case the proper respondent was the Warden at USP-Allenwood, Troy
Williamson.  In view of the resolution of the petition, Petitioner will not be directed to submit an
amendment.  Instead, the Court will liberally construe the petition as having named the
appropriate respondent.

the remainder of his federal sentence in state custody.  Shumate argues that the Bureau of

Prisons ("BOP") arbitrarily denied his request to designate the New York Department of

Corrections ("NY DOC") as his place of imprisonment for the service of the remainder of his

federal sentence without properly exercising its discretion under 18 U.S.C. § 3621(b).

Following service of the Petition, Respondent filed a response, asserting that

Shumate is not entitled to the requested relief as: (a) his place of confinement was a negotiated

component of his plea agreement with state and federal authorities that Shumate enforced by

way of a successful proceeding in the United States District Court for the Northern District of

New York; (b) his place of confinement is within the sole discretion of the BOP, which properly

exercised its discretion when denying his request for a transfer; and (c) Petitioner cannot obtain

the relief requested, a transfer to a state facility, via the habeas corpus statute.  Petitioner filed a

Traverse to the Response in which he concedes that he is housed in federal custody pursuant

to his plea agreement, and that he has no right to the requested transfer to the NY DOC.

Nonetheless, he contends Respondent's position ignores the heart of his petition, the failure of

the BOP to consider criteria set forth in 18 U.S.C. § 3621(b).

After careful consideration of the record before me, I find that the BOP's exercise

of discretion as to the place of Shumate's confinement is not subject to judicial review, and that,

even if review were available, the BOP did not abuse its discretion when denying Petitioner's

request for a transfer to the custody of the NY DOC prior to the expiration of his federal

-2-

sentence.  Accordingly, Shumate's petition for habeas corpus relief under 28 U.S.C. § 2241 will be denied.


II.        BACKGROUND

Petitioner David Shumate was indicted on New York state charges on August 13, 1993, in Schenectady County, New York.  See Shumate v. United States, 893 F. Supp. 137, 138 (N.D. N. Y. 1995).  On the same date he was arrested by a multi-jurisdictional Drug Enforcement Task Force on a warrant which issued under the state indictment.  (Id.)  On August 20, 1993, Petitioner was indicted by a federal grand jury on charges related to those underlying the state indictment.  (Id.)  Eight days later Shumate was produced in federal court pursuant to a writ of habeas corpus ad prosequendum for arraignment on the federal indictment.  (Id.)  He was then returned to the United States Marshal and held in federal custody.  (Id.)

Prior to Shumate entering a plea in either federal or state court, considerable efforts were undertaken by defense counsel working with both the federal and state prosecuting authorities to reach a comprehensive resolution of all charges.  The negotiations culminated in a deal that ensured Shumate's state and federal sentences would (a) run concurrently; and (b) that he would first serve his federal sentence, in a federal facility, after New York state

relinquished primary jurisdiction.[2]  (Id. at 139.)  On April 11, 1994, Petitioner pled guilty to the

federal charges in the Northern District of New York.  The following day he was produced in the

Schenectady County Court and plead guilty to the New York state charges.  He was then

returned to federal authorities, and on August 10, 1994, was sentenced in federal court to 204

months imprisonment.[3]  (Id.)  Petitioner was remanded to the United States Marshal for delivery

to a federal facility.  (Id.)  Thereafter, on August 22, 2004, Shumate was sentenced in

Schenectady County Court to an indeterminate term of between fifteen years and life in prison.

(Id.)

              Initially Shumate remained in New York state custody despite the NY DOC's best

efforts to transfer Petitioner to federal authorities.  (Id. at 140.)  The BOP authorities refused to

take custody of Shumate, stating that "New York State's expressed waiver of its primary

jurisdiction" was insufficient to bestow upon the federal government primary jurisdiction.  (Id.)

As then-Chief Judge McAvoy of the Northern District of New York observed, the BOP's actions

made "two fundamental alterations in the sentencing scheme contemplated by both

[sentencing] courts, both prosecutors and the defendant: 1) petitioner's federal sentence no

---

[2] On July 5, 1994, the Schenectady County District Attorney executed a written Waiver
of Primary Jurisdiction.  (Id.)  The Waiver specifically noted that "Mr. Shumate will serve his
sentence federally."  (Id. at 140.)

[3] Shumate's federal sentence was subsequently reduced, on a successful Rule 35
motion, to 168 months.  He is currently scheduled to be released from this sentence on
December 7, 2006, via good conduct time release.  (Dkt. Entry 11, Respondent's Response to
Show Cause Order).

longer ran concurrent with his state sentence; and 2) petitioner was unable to serve his federal sentence in a federal facility." (Id.)  To remedy this apparent frustration of the plea agreement endorsed by the state and federal courts, Shumate sought relief from the federal sentencing court.  Prior to the Court resolving the matter, the BOP, with significant prompting from the United States Attorney, directed the "nunc pro tunc designat[ion of]] the state facility as the place of service for petitioner's federal sentence and to commence petitioner's federal sentence as of the August 10, 1994, the date of sentencing." (Id. at 141.)

Still unresolved, however, was the matter of Shumate's service of his concurrent federal and state sentences in federal custody.  From the BOP's perspective, New York State authorities had not effectively relinquished priority of jurisdiction over Shumate.  Thus, the BOP "was unable to redress petitioner's primary complaint concerning his place of incarceration because to do so would violate BOP's policies." (Id.)  After reviewing the matter, Chief Judge McAvoy held that New York State effectively relinquished its primary jurisdiction of Petitioner by executing the Waiver, thus vesting the federal authorities with primary jurisdiction over Petitioner. (Id. at 143.)  The BOP was then ordered to take custody of Petitioner for the remainder of his federal sentence, "and maintain petitioner in a federal facility for the duration of his federal sentence until such time as that sentence is satisfied, at which time petitioner should be returned to the custody of New York State to serve the remainder, if any, of his concurrent state sentence." (Id.)

Shumate subsequently believed that his interests would be better served if he were transferred to state custody.  He again petitioned the Northern District of New York for habeas relief.  As Shumate was then confined within the jurisdiction of this Court, the matter was transferred here and docketed to No. 3:00-CV-2216.  By Order dated July 9, 2002, the habeas petition was dismissed for failure to exhaust administrative remedies.

In April 2004, Shumate filed an Administrative Remedy Procedure for Inmates Information Resolution Form, or BP-8, requesting to be transferred to the NY DOC to serve the concurrently-running sentences.  (Dkt. Entry 3, Record of Exhibits in Support of Shumate's § 2241 Petition.)  The request was denied. Petitioner was told that he must finish his federal sentence before he would be returned to the NY DOC to serve his state sentence, which is currently lodged as a detainer against him.  Additionally he was advised that "[t]here [was] no reason to transfer [him] to NY DOC therefore, [his] request [was] denied." (Id.)  Shumate then filed a Request for Administrative Remedy, BP-9, again appealing to the BOP to exercise its discretionary authority "to transfer its prisoners to a state facility" due to his elderly mother's difficulties in traveling out of state to visit him.  (Id.)  The Warden denied Petitioner's appeal, explaining that the BOP "will enforce your federal sentence until completion or upon receiving a different Judgement in your case from the court." (Id.)  Shumate appealed to the Regional Director, asserting that while it was true that he negotiated his placement in federal custody, he still wished the BOP to exercise its discretionary authority and grant his transfer request as his

state sentence exceeded his federal sentence.  (Id.)  The Regional Director denied Shumate's appeal, referencing an intergovernmental agreement between New York and the BOP.  The Regional Director stated that "the Intergovernmental Agreement between the State of New York and the Bureau does not provide boarding for federal inmates in a New York state facility."  The Regional Director also noted that Shumate's federal sentencing Judge effectively ordered that the federal sentence be served in federal custody.  (Id.)  Shumate appealed this decision to the BOP's General Counsel, who affirmed the responses of the Warden and Regional Director. (Id.)  Shumate was advised that "the Bureau of Prisons will enforce your federal sentence in federal custody until completion."  (Id.)

Petitioner asks that the BOP be ordered to exercise its discretion pursuant to 18 U.S.C. § 3621(b) in addressing his transfer request, and not simply deny it based on his plea agreement.  (Dkt. Entry 2.)  Shumate requests this relief, citing to his mother's poor health, which makes it difficult for her to travel to visit him in Pennsylvania, as well as his alleged lack of appropriate legal research materials to investigate recent developments in New York State's drug laws which may impact his concurrent state drug sentence.  (Dkt. Entries 12-13.)[4]

Respondent acknowledges that Shumate has satisfactorily exhausted available administrative remedies prior to bringing his present § 2241 petition reasserting his demand that

---

[4] As Shumate is now confined in a BOP facility in New York, the concerns about his mother's ability to visit him and his access to New York state legal materials appear to be resolved.

the BOP exercise its discretion pursuant to §3621(b) of Title 18 U.S.C. to designate the NY

DOC as the place of service of the remainder of his federal sentence.  The matter is thus now

ripe for adjudication.

III.            DISCUSSION

            The BOP has discretion to designate a state institution as the official facility for

service of the federal sentence, see 18 U.S.C. § 3621(b), and may implement such a

designation nunc pro tunc. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.1990).  When the

effect of such a designation impacts the fact or duration of an prisoner's sentence by, for

example, making a federal and state sentence concurrent, the BOP's decision is subject to

judicial review for abuse of discretion.  Id. at 478; United States v. Allen, 124 Fed. Appx. 719,

721 (3d Cir. 2005).  Conversely, the BOP's denial of a petitioner's request to transfer him to a

different facility (federal or state), which does not result in any alteration of his release date or

affect the legality of his conviction, may not be reviewed by way of a habeas petition.  See

Beckley v. Miner, 125 Fed. Appx. 385, 388-89 (3d Cir. 2005).

            The facts involved are not in dispute.  Shumate's Traverse to the Response

narrows the issues I need to address as he concedes many of the arguments raised by

Respondent.  (See Dkt. Entry 13, Petitioner's Reply to Respondent's Response to Petitioner's §

2241.)  First, Shumate affirms that pursuant to his plea agreement he negotiated the concurrent

service of his federal and state sentences in federal custody.  To accomplish this, New York

-8-

state authorities yielded primary jurisdiction over him to the federal authorities.  (Id.)  Likewise,

Petitioner agrees that he has no "right to be incarcerated in any particular institution, and any

designation by BOP officials is discretionary."[5]  (Id.)  Shumate's petition rests solely on his

challenge to the BOP's exercise of its discretionary transfer powers granted pursuant to 18

U.S.C. § 3621(b) when it denied his request to designate the NY DOC as the place of

confinement for the remainder of his federal sentence. (Id.)

       The BOP has the power pursuant to 18 U.S.C. § 3621(b) to "designate the place

of the prisoner's imprisonment," and for that purpose to "designate any available penal or

correctional facility whether maintained by the Federal Government or otherwise."[6]  Abdul-Malik

---

[5]  It is well established that a federal prisoner generally has no constitutional right to placement in any particular penal institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in any particular facility or state).  In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."

[6]  In doing so the BOP considers the following five factors: (1)  the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence-- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted;  or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

See 18 U.S.C. § 3621(b).

v. Hawk-Sawyer,  403 F.3d 72, 75 (2nd Cir. 2005); Barden, 921 F.2d at 482.  In Barden, the

BOP refused to consider an inmate's request for the nunc pro tunc designation of a state facility

for the service of his federal sentence, which would have the effect of making his state and

federal sentences run concurrent.  The net result of such a nunc pro tunc designation would

have yielded a more than ten year credit towards Barden's twenty year federal sentence.  The

Third Circuit made clear that while Barden was not guaranteed a favorable outcome of the

BOP's consideration of his request, he was entitled to have the BOP consider his claim and

decide it by exercising the statutory discretion afforded by section 3621(b).  The court of

appeals indicated that the failure of the federal sentencing to state that Barden's federal

sentence was to run concurrent to his then non-existent state sentences did not deprive the

BOP of authority to make a designation of place of confinement that would have such an effect.

Id. at 478, 483.  The court held that the BOP's failure to even consider Barden's request carried

a "serious potential for a miscarriage of justice" because of the significant federal sentence

credit that could be realized by Barden if successful.  (Id. at 479.)

Shumate's situation is significantly different than that of Barden.  The denial of

Shumate's request for the designation of the NY DOC as the place of service for the remainder

of his federal sentence does not create a potential for a miscarriage of justice.  Shumate is

already serving concurrent federal and state sentences.  Petitioner will not gain or lose any

credit towards either his federal or state sentence based upon the BOP's decision not to

designate the NY DOC as the place of service for the remainder of his federal sentence.  The

rejection of Shumate's transfer request only denies him the service of his federal sentence in

the institution of his choice.  Thus, the BOP's exercise of discretion under 18 U.S.C. § 3621(b)

is not subject to judicial review.  Cf. Beckley v. Miner, 125 Fed. Appx. 385, 388-89 (3d Cir.

2005) (discretionary denial of transfer to another prison for placement in rehabilitation program

not subject to judicial review on habeas petition).

　　　　　Furthermore, unlike in Barden, there is no evidence in the record demonstrating

that the BOP failed to consider Shumate's request absent court intervention. Shumate raised

his request via the Administrative Remedy Program.  Within its responses it is clear that the

BOP properly exercised its discretion when it denied Shumate's request for transfer to the NY

DOC.  While the BOP noted that Shumate negotiated his stay in federal custody in lieu of state

custody pursuant to his plea agreement, there is no indication that this was the sole reason the

BOP denied his request for transfer.  The BOP also advised Petitioner that there was no reason

to transfer him prior to the expiration of his federal sentence.  Additionally the BOP referenced

the Intergovernmental Agreement between the State of New York, which does not provide for

the boarding of federal inmates in a New York state facility.  Thus, although unsatisfactory to

Shumate, the BOP's decision to deny his request reflects a proper exercise of jurisdiction.

An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

Date: January 12, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID L. SHUMATE,                      :
                                      :
             Petitioner,        :    CIVIL NO. 3:CV-04-2602
                                        :
             v.                   :    (CHIEF JUDGE VANASKIE)
                                        :
UNITED STATES OF AMERICA,      :
                                        :
             Respondent.    :

## O R D E R

AND NOW, this **12th** day of **JANUARY,  2006**, for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

      1.      The petition for writ of habeas corpus (Dkt. Entry 1)
               is **DENIED**.

      2.      The Clerk of Court is directed to close this case.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania